THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSE CORTEZ, Defendant-Appellant.

First District (4th Division)    No. 1—00—3668

Opinion filed March 31, 2003.

Lynda J. Khan, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Veronica Calderon Malavia, and Miles J. Keleher, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Following a jury trial, the petitioner, Jesse Cortez, was convicted of one count of first degree murder and one count of attempted murder. On December 9, 1993, petitioner was sentenced to concurrent terms of 35 and 15 years.

On June 15, 1998, petitioner filed a *pro se* postconviction petition. On February 9, 1999, the State filed a motion to dismiss the petition as untimely. Petitioner filed a response and supporting affidavit alleging that his petition was filed late because he was held in continuous segregation from April 3, 1994, through May 31, 1998. On October 12, 2000, the trial court granted the State's motion to dismiss the petition on the basis that it was untimely and petitioner was not free of culpable negligence.

The primary issue before us is whether the trial court properly dismissed petitioner's petition for postconviction relief as untimely. If we find that the trial court erred in allowing the State to file and proceed with its motion to dismiss petitioner's petition for postconviction relief past the statutory deadline, then we must determine the remedy, if any, to which petitioner is entitled.

■ "The Illinois Post-Conviction Hearing Act [(Act)] provides a mechanism by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998); 725 ILCS 5/122—1 (West 1998). Pursuant to section 122—2.1 of the Act, the trial court has the authority to dismiss a petition if the petitioner is sentenced to imprisonment and if the court finds that the " 'petition is frivolous or is patently without merit.' " See *Coleman*, 183 Ill. 2d at 379, quoting 725 ILCS 5/122—2.1(a)(2) (West 1998), and citing *People v. Brisbon*, 164 Ill. 2d 236, 242-43 (1995). Under section 122—2.1, the State is not required to file any type of responsive pleading. *Coleman*, 183 Ill. 2d at 379. The trial court must determine within 90 days of the filing of the petition if it is frivolous or patently without merit. *People v. Ponyi*, 315 Ill. App. 3d 568, 572-73 (2000).

If a petition is not dismissed under section 122—2.1, then it moves to a second-stage proceeding under sections 122—4 through 122—6 of the Act. *Coleman*, 183 Ill. 2d 366; 725 ILCS 5/122—2.1(b) (West 1998). "In such cases and in the cases of petitioners under sentence of death, section 122—5 directs that the State shall either answer or move to dismiss the petition." *Coleman*, 183 Ill. 2d at 379. Where the issue is whether the allegations are sufficient to warrant an evidentiary hearing under the Act, the standard of review is that of plenary review. *Coleman*, 183 Ill. 2d at 388-89.

■ Section 122—1 of the Post-Conviction Hearing Act provides the time frame for filing a postconviction petition:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 1998).

In the case at bar, final judgment was entered when petitioner was

sentenced on December 9, 1993. The parties do not dispute that the applicable date for timely filing of petitioner's petition was December 9, 1996, which was three years from December 9, 1993. Petitioner, however, did not mail his petition until June 1, 1998.

The petition was file-stamped on June 15, 1998. On September 1, 1998, petitioner's case was assigned to a trial court judge. When the case was called on September 1, 1998, the State advised the trial court it was planning to file a motion to dismiss, and the public defender's office informed the court that it was not involved in petitioner's case. At that point, the trial court appointed the public defender's office to represent petitioner. On February 9, 1999, the State filed its motion to dismiss. On July 12, 2000, petitioner filed a response to the State's motion to dismiss. In his response, petitioner alleged that he had been in segregation, first, at Menard Correctional Center from April 3, 1994, to May 31, 1996, then at Stateville Correctional Center from May 31, 1996, to June 2, 1997, and, lastly, at Pontiac Correction Center from June 2, 1997, to May 31, 1998. By way of affidavit, petitioner stated that while in segregation he had "sharply reduced access" to the law library and to a law clerk. On October 12, 2000, at the conclusion of a hearing on the State's motion to dismiss, the trial court granted the State's motion to dismiss, finding that petitioner's petition for postconviction relief was not timely filed and that petitioner failed to show that the delay was not due to his culpable negligence.

■ Pursuant to section 122—2.1(b) of the Act, if a petition is not summarily dismissed at the first stage, it advances to the second stage, where "the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6." 725 ILCS 5/122—2.1(b) (West 1998). According to section 122—5, the State must answer or move to dismiss a petition within 30 days after the entry of an order pursuant to section 122—2.1(b) or "within such further time as the court may set." 725 ILCS 5/122—5 (West 1998).

A review of the record reveals that the trial court never extended the time by which the State could file its motion to dismiss. Thus, the record clearly shows that the State filed its motion to dismiss beyond the time limit set forth in section 122—5.

On appeal, petitioner contends that since the State filed its motion to dismiss approximately four months after the filing deadline, the trial court should have found that the State waived its opportunity, at the second stage, to object to the timeliness of his petition. Moreover, petitioner argues that pursuant to *People v. Scullark*, 325 Ill. App. 3d 876 (2001), the trial court should have found that he was not culpably negligent in filing his petition late. The State argues that since petitioner responded to the motion to dismiss and a hearing was held,

petitioner was not prejudiced and, as a result, his argument is without merit.

Presently, there are two narrow issues before us. First, we must determine what remedy is available to petitioner as a result of the State filing its motion to dismiss past the statutory filing deadline. More specifically, we must determine whether petitioner was automatically entitled to an evidentiary hearing due to the fact that the State's motion to dismiss was not timely. If we find that petitioner is not automatically entitled to an evidentiary hearing, then we must determine whether the trial court's decision to grant the State's motion to dismiss, thereby finding that petitioner failed to show that he was not culpably negligent, was an abuse of discretion.

In an effort to determine what remedy, if any, is available to petitioner as a result of the State filing its motion to dismiss past the statutory filing deadline, we turn first to the language of the Post-Conviction Hearing Act and find no guidance on this issue. The legislature, in drafting the Act, did not provide the petitioner with a specific remedy for such late filing. Consequently, we turn next to the Illinois Supreme Court for insight.

In *People v. Howell*, 60 Ill. 2d 117, 119 (1975), the defendant was imprisoned for 65 days "without giving him a prompt preliminary hearing or presenting his case to a grand jury." The Illinois Supreme Court held that the State violated section 7 of article I of the Illinois Constitution, which provides:

> " 'No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by *** indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause.' " *Howell*, 60 Ill. 2d at 119, quoting Ill. Const. 1970, art. I, § 7.

The Illinois Supreme Court acknowledged that since the defendant did not receive a prompt preliminary hearing, the constitution had been violated and that "[t]he legislature has not fashioned a remedy of discharge for a violation of this section." *Howell*, 60 Ill. 2d at 120.

In *Howell*, the supreme court noted its decision in *People v. Hendrix*, 54 Ill. 2d 165, 169 (1973), where it specifically stated that "section 7 does not provide a grant of immunity from prosecution as a sanction for its violation." Furthermore, the *Hendrix* court stated that it would not make sense to interpret section 7 as requiring the discharge and dismissal of the defendant and his case. *Hendrix*, 54 Ill. 2d at 169.

Ultimately, the *Howell* court found that the nature of the remedy available to a defendant who did not receive a prompt preliminary

hearing "is of little concern in the disposition of the present case." *Howell*, 60 Ill. 2d at 120.

■ In reviewing the language of the Post-Conviction Hearing Act, as a whole, and noting the high standards that must be met by a petitioner seeking an evidentiary hearing, we find that the Act does not automatically grant an evidentiary hearing where the State failed to timely file its motion to dismiss.

Our supreme court faced a similar issue in *People v. Farnsley*, 53 Ill. 2d 537 (1973), and without citation announced that disposition of defendant's postconviction shall not be reversed "simply because the State may have delayed in filing its answer, especially, as here, where there is no indication that defendant was prejudiced by the delay." *Farnsley*, 53 Ill. 2d at 548-49.

Following *Farnsley*, the appellate court held in *People v. Cartee*, 86 Ill. App. 3d 895 (1980):

> "While the delay of the State to file a written answer to the petition was clearly a violation of the language of the statute, it is noted that no sanction is provided in the statute for failure by the State to make timely answer to the petition. The extreme penalty of vacating the conviction for failure to make timely answer seems inappropriate, although it is recognized that since the petition is filed with the objective of ending the defendant's incarceration in prison, the question of delay is a material consideration. It should be noted, however, that the trial court granted extensions of time for answering the petition and such continuances are within the court's discretion. In *People v. Farnsley* (1973), 53 Ill. 2d 537, the supreme court rejected the petitioner's contention that an answer to a post-conviction hearing filed beyond the statutory time limit should not be considered since the statute is mandatory in requiring an answer to be filed within 30 days. In rejecting that contention, the supreme court said:
>
> > 'He [the petitioner] does not cite, nor do we find, any authority for the proposition that a valid disposition of a post-conviction petition will be reversed simply because the State may have delayed in filing its answer, especially, as here, where there is no indication that defendant was prejudiced by the delay.' 53 Ill. 2d 536, 548-49." *Cartee*, 86 Ill. App. 3d at 899.

The court further observed:

> "[T]he statute is not couched in mandatory language. *** [W]e will not take the extreme course of reversing a conviction because of such delay." *Cartee*, 86 Ill. App. 3d at 899-900.

Although section 122—5 provides that the State "shall answer or move to dismiss" within 30 days, a reading of section 122—5 in its entirety provides the court with the discretion necessary to decide this case upon the State's tardy motion to dismiss:

"The court may in its discretion make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time of filing any pleading other than the original petition, as shall be appropriate, just and reasonable and as is generally provided in civil cases." 725 ILCS 5/122—5 (West 1998).

It seems well settled that the court may exercise its discretion to allow the filing of tardy pleadings in civil cases. In that regard we note the clear holding in *In re Custody of McCarthy*, 157 Ill. App. 3d 377, 380-81 (1987):

"We first address the issue of whether or not respondent waived his right to object to petitioners' standing by failing to make a timely motion to dismiss. *** Section 2—619(a) provides that a motion to dismiss must be brought 'within the time for pleading.' (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a).) In the present case, respondent clearly did not file the motion to dismiss within the time for pleading. The motion was filed nine months after evidentiary hearings began. At that time, the court had heard testimony on 16 different days. Nevertheless, the trial court has the discretion to allow the withdrawal of an answer and the subsequent filing of a tardy motion to dismiss based on a defense not raised in the answer. (*Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962.) Unless it can be demonstrated that the opposing party was prejudiced by the late filing of the motion to dismiss, the trial court does not abuse its discretion by allowing tardy pleadings. *Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 253."

We hold that where the State does not file its motion to dismiss a postconviction petition within the statutory filing deadline set forth in section 122—5, the petitioner is not entitled to an evidentiary hearing unless he can show that he suffered prejudice as a result of the State's failure to file a timely motion to dismiss.

■ As to such prejudice, the facts of the case at bar reveal that petitioner filed a response to the State's motion to dismiss. Additionally, we note that petitioner's response to the State's motion to dismiss was not filed *pro se*, but rather petitioner was aided by legal counsel in the drafting and filing of his response brief. The record further indicates that a hearing was held on the State's motion to dismiss. Since petitioner was given the opportunity to respond to the State's motion to dismiss and a hearing was held, we find that petitioner has failed to show that he suffered any prejudice as a result of the State's untimely filing and is not automatically entitled to an evidentiary hearing.

We also do not condone the State's failure to abide by the statu-

tory guidelines. The trial court, pursuant to section 122—5, has the authority to set some further time limit and the State, in an effort to protect the integrity of the postconviction process, should have asked the trial court for an extension of time regarding the filing of its motion to dismiss.

■ We now examine whether the trial court erred in granting the State's motion to dismiss petitioner's petition for postconviction relief. Specifically, we address whether the trial court properly found that petitioner failed to show that he lacked culpable negligence. An order granting the State's motion to dismiss is a final judgment subject to *de novo* review. *People v. Barrow*, 195 Ill. 2d 506, 519 (2001).

In *People v. Scullark*, 325 Ill. App. 3d 876, 885 (2001), the appellate court held:

"[W]here a petitioner who has begun work on a postconviction petition is placed in segregation through no foreseeable fault of his own or otherwise prevented from filing his petition for a period of time until and including the last day of the period in which he may timely file, his failure to file in a timely manner is not culpable negligence."

The *Scullark* court qualified its holding by expressly stating that "where segregation is at issue, the petitioner must allege that his placement in segregation was through no fault of his own." *Scullark*, 325 Ill. App. 3d at 888.

In *Scullark*, 325 Ill. App. 3d at 886, the petitioner was placed in segregation on May 26, 1998, and his postconviction petition and other property were confiscated *after* he had begun working on his petition. The record showed that the petitioner remained in segregation until well after his petition was due. *Scullark*, 325 Ill. App. 3d at 886. The appellate court found that "[b]ecause of his segregation status and because his property was taken from him, petitioner was not able to file his petition on any date after the date he was placed in segregation. Thus, the filing date for his petition was effectively moved forward to the day he was placed in segregation." *Scullark*, 325 Ill. App. 3d at 886.

The appellate court in *Scullark* expressly stated that it reached the issue of whether a petitioner's segregation results in culpable negligence as an issue of first impression. Accordingly, the *Scullark* court found that "petitioner had no precedent on this issue to inform him of the necessity of alleging that he was not in segregation due to his own misconduct." *Scullark*, 325 Ill. App. 3d at 888. Since the petitioner's ignorance of the law was through no fault of his own, the appellate court remanded the matter in order to provide the petitioner an opportunity to amend his petition to so allege that he was not in

segregation due to his own misconduct. *Scullark*, 325 Ill. App. 3d at 888.

In the case at bar, petitioner's petition for postconviction relief was mailed on June 1, 1998, and petitioner's response to the State's motion to dismiss was filed on July 12, 2000. *Scullark* was decided by this court on March 13, 2001; thus, petitioner had no knowledge of the pleading requirements set forth in *Scullark* when he alleged that he was free of culpable negligence due to the fact that he was held in continuous segregation. Like the court in *Scullark*, we take petitioner's ignorance of the law, which was obviously through no fault of his own, into consideration in determining whether the trial court erred in finding that petitioner was not free of culpable negligence.

The parties do not dispute that petitioner's petition was due no later than December 9, 1996, but was not filed until June of 1998. In his petition, petitioner fails to allege *any* reason explaining why his petition was filed untimely. The issue of untimeliness is not mentioned in the petition. Not until the filing of his response to the State's motion to dismiss does petitioner allege that his petition was not timely filed due to the fact that he was in segregation and, consequently, had limited access to the law library. Attached to petitioner's response brief is an affidavit in which petitioner asserts that he did not learn of the statutory filing deadline for a postconviction petition until 1997, long *after* the filing deadline for his own petition. In his affidavit, petitioner asserts that his petition was filed untimely due to the fact that he was in segregation and, thus, had reduced access to the law library and a law clerk. Without the access to the law library and the aid of a law clerk, petitioner asserts, by way of his affidavit, that he had no way of filing a postconviction petition. A careful reading of petitioner's affidavit reveals that petitioner does not allege that he had *no* access to the law library; rather, petitioner asserts that during the time he was in segregation he had "sharply reduced access to the law library."

After reviewing petitioner's response brief and hearing arguments, the trial court dismissed petitioner's petition on the basis of untimeliness, finding that petitioner failed to show that he lacked culpable negligence. For the reasons discussed below, we affirm the trial court's decision to dismiss petitioner's petition for postconviction relief.

We first note that there is a significant factual distinction between the case at bar and *Scullark*. In *Scullark*, the defendant had already begun work on his petition before it was confiscated from him, while in the instant case, petitioner did not begin to prepare his petition until long after the due date for filing had passed. That fact that the defendant in *Scullark* had already started his petition before the

prison went into lockdown was crucial to the court's holding. The *Scullark* court explained:

> "To hold otherwise would mean, for example, that a petitioner who completed a petition even several months before it was due and was placed in segregation immediately after finishing the petition but before he was able to file it and remained unable to file it until after the deadline, would be culpably negligent." *Scullark*, 325 Ill. App. 3d at 885.

In the case at bar, it is significant that the petitioner did not begin work on his petition until long after the date it was due to be filed. As such, the aforementioned concerns of the *Scullark* court are not applicable in this case.

Next, we address petitioner's contention that he lacks culpable negligence as a result of being held in continuous segregation. We begin by reviewing the record for an indication of whether petitioner was placed in segregation as a result of his own misconduct. Petitioner's response to the State's motion to dismiss includes computer printouts from the Illinois Department of Corrections which indicate that on numerous occasions petitioner was placed in segregation for long periods of time. These computer printouts further reveal that petitioner's placement in segregation was indeed due to his own misconduct, as his record is replete with disciplinary violations. For instance, petitioner was placed in "disciplinary segregation, lockup" on at least three separate occasions. Furthermore, he was listed as a participant in the assault of a staff member on at least two occasions. Under these circumstances, petitioner's culpability is undeniable. As the *Scullark* court explained:

> "[E]ngaging in intentional misconduct which would, with reasonably foreseeable certainty, result in prison action that would prevent one from filing in a timely manner would in all likelihood fall within the definition of culpable negligence as 'negligence of a gross and flagrant character.' " *Scullark*, 325 Ill. App. 3d at 887-88.

Thus, it would be senseless to remand this matter so as to afford petitioner the opportunity to allege that he was in segregation through no fault of his own behavior because the computer printouts that he offered into evidence render such an argument moot.

Next, we address petitioner's allegation that he had "sharply reduced access" to the law library. While he does not elaborate on the extent of his access, he implies that he retained at least partial access to the library. This court has held that while the total denial of access to the prison law library during a lockdown may sometimes excuse a late filing, a petitioner who has some access to the library during the period in which he must file fails to show that he lacked culpable

negligence in failing to timely file his petition based solely on the evidence of the lockdown. In that instance, the petitioner must also show that he was deprived of a "meaningful opportunity" to prepare the petition. See *People v. Mitchell*, 296 Ill. App. 3d 930 (1998); *People v. Van Hee*, 305 Ill. App. 3d 333 (1999). In *Mitchell*, the defendant alleged that his delay in filing a postconviction petition was not due to his culpable negligence because the prison in which he was incarcerated was on lockdown for part of the time period in which he was to file his petition. The majority in *Mitchell*, agreeing with Justice Green's dissent in *People v. McClain*, 292 Ill. App. 3d 185 (1997), explained that "where the record shows that lockdowns have deprived the defendant of a meaningful opportunity to prepare his petition in a timely fashion, we believe some delay is excusable." *Mitchell*, 296 Ill. App. 3d at 933. However, the *Mitchell* court found that the defendant failed to allege sufficient facts to meet his burden of showing that he was deprived of the meaningful opportunity to prepare his petition in a timely fashion where the prison was sporadically, but not continuously, in lockdown during the relevant time period. *Mitchell*, 296 Ill. App. 3d at 934. In *People v. Van Hee*, 305 Ill. App. 3d 333, 337 (1999), the court found that the defendant had failed to include the specific dates of the prison's lockdown and that, absent such information, it would deem the lockdown as having been short in duration. Consequently, the court determined that the lockdown did not excuse the defendant's delay because he had access to the library during the time the lockdown was not in effect and, therefore, was not deprived of a meaningful opportunity to prepare his petition. *Van Hee*, 305 Ill. App. 3d at 337. Similarly, in the case at bar, we find that petitioner had some access to the library and that his segregation did not deprive him of a meaningful opportunity to prepare his petition in a timely fashion. Therefore, even if the petitioner's segregation had not been the result of his own misconduct, he would still be culpably negligent under the above-discussed circumstances.

For the foregoing reasons, we affirm the trial court's dismissal of petitioner's petition for postconviction relief.

Affirmed.

THEIS, P.J., and KARNEZIS, J., concur.