THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSIE WOFFORD, Defendant-Appellant.

Fifth District   No. 5—08—0116

Opinion filed September 3, 2009.

Michael J. Pelletier, Gary R. Peterson, and Judith L. Libby, all of State Appellate Defender's Office, of Springfield, for appellant.

Robert Haida, State's Attorney, of Belleville (Patrick Delfino, Stephen E. Norris, and Jennifer Camden, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE WEXSTTEN delivered the opinion of the court:

The defendant, Jessie Wofford, appeals the St. Clair County circuit court's dismissal of his second amended postconviction petition during the second stage of his postconviction proceeding. The defendant contends that the State forfeited its statute-of-limitation affirmative defense under section 122—1 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 (West 1998)) by not raising it in its original motion to dismiss. Because we find that the State raised the limitation defense at the appropriate time—during the second stage of the postconviction proceeding—and did not waive or forfeit the defense, we affirm the dismissal.

## BACKGROUND

On October 24, 1994, the defendant entered a guilty plea to charges of first-degree murder and aggravated battery with a firearm and was sentenced to a 40-year term of imprisonment. The defendant filed a motion to reduce his sentence, which was denied by the circuit court more than three years later. On direct appeal, the defendant's conviction was affirmed by this court, but we remanded the cause to the circuit court with directions to credit the defendant for time served. *People v. Wofford*, No. 5—98—0212 (1998) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)).

On March 11, 1999, more than four years and three months after the defendant's conviction, the defendant filed a *pro se* petition for postconviction relief. The trial court dismissed the petition at the initial stage of the postconviction proceeding, finding it patently without merit. On appeal, however, the matter was remanded for stage-two proceedings because the circuit court had failed to act on the petition within 90 days as required by section 122—2.1(a) of the Act (725 ILCS 5/122—2.1(a) (West 1998)). *People v. Wofford*, No.

5—99—0457 (2000) (unpublished order under Supreme Court Rule 23).

On remand, the State filed a motion to dismiss but did not raise the issue of the timeliness of the defendant's petition. The circuit court appointed counsel for the defendant, and an amended postconviction petition was filed. The State then filed a motion to dismiss the amended petition, which the trial court granted because no supporting documentation or affidavits were attached to the amended petition as required by section 122—2 of the Act (725 ILCS 5/122—2 (West 1998)).

On appeal, the defendant alleged the ineffective assistance of postconviction counsel for failing to attach supporting documents to the amended petition or provide an excuse for their absence, in contravention to section 122—2 of the Act. Finding merit in the defendant's contention, this court remanded the cause with directions to allow the defendant to replead his petition with the assistance of counsel. *People v. Wofford*, No. 5—03—0295 (2005) (unpublished order under Supreme Court Rule 23).

The defendant then filed a *pro se* "supplement [*sic*] petition for post[ ]conviction relief." The same day, the defendant was appointed new counsel, and an amended petition for postconviction relief was filed. The State filed a motion to dismiss the defendant's amended petition, alleging, for the first time, that the defendant's original postconviction petition was untimely and that the defendant failed to allege facts showing that the delay was not due to his culpable negligence pursuant to section 122—1(c) of the Act (725 ILCS 5/122—1(c) (West 1998)).

In response, the defendant filed a second amended petition, contending "[t]hat if there was a delay in the filing thereof, it was not due to the culpable negligence of the [defendant]" because the "motion to reduce the sentence was pending for three (3) years and three (3) months" and because the defendant "was misinformed by his [direct appeal counsel] to 'save the post[ ]conviction issues' until after the appeal was decided." In support, the defendant attached a letter addressed to him from his direct appeal counsel, stating, in pertinent part, "You probably will want to write to [your doctor] in order to determine whether his affidavit would be of help to you in a post[ ]conviction petition."

Approximately two weeks later, the State filed a motion to dismiss the defendant's second amended petition, still contesting the timeliness of the defendant's original petition. After hearing arguments, the circuit court issued an order granting the State's motion to dismiss, finding that the defendant's petition did not comply with the time requirements of section 122—1 of the Act. The defendant appeals that dismissal.

## ANALYSIS

We first note that the defendant did not argue in his second amended petition or at the hearing on the State's motion to dismiss that the State forfeited its statute-of-limitation defense by not raising it in its original motion to dismiss. Thus, the defendant has waived this issue on appeal. *People v. Adams*, 131 Ill. 2d 387, 395 (1989) ("[A]n issue not raised in the trial court is considered waived"). Nevertheless, in the interest of reaching a just result and setting a sound and uniform body of precedent, we have exercised our discretion to review the defendant's point on the merits. *Hux v. Raben*, 38 Ill. 2d 223, 224-25 (1967).

Section 122—1(c) of the Act provides, in relevant part, "No proceedings under this Article shall be commenced more than *** 3 years from the date of conviction ***, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 1998). Here, the defendant's original petition for postconviction relief was filed more than three years after his conviction, and the defendant concedes that his petition was untimely. Nevertheless, the defendant contends that "the trial court should not have granted the State's motion to dismiss the petition for not being 'timely' in the final motions to dismiss" because "[t]he State by 2007 had forfeited its argument that [the defendant's] 1999 postconviction petition was untimely." The defendant relies on *People v. Boclair*, 202 Ill. 2d 89 (2002), to support the proposition that the failure to raise the affirmative defense of limitations in its initial motion to dismiss resulted in the State waiving that defense. Our review is *de novo. Boclair*, 202 Ill. 2d at 97.

"The Act provides a three-stage process for the adjudication of post[ ]conviction petitions." *Boclair*, 202 Ill. 2d at 99. At the first stage, after a petition for postconviction relief has been filed, the circuit court has 90 days to review the petition to determine if it is frivolous or patently without merit. 725 ILCS 5/122—2.1(a) (West 1998). The court cannot dismiss the petition as untimely at this stage of the proceeding. *Boclair*, 202 Ill. 2d at 99-100. If the petition is not dismissed within 90 days, then the petition moves on to stage two of the postconviction proceeding. 725 ILCS 5/122—2.1(b) (West 1998).

At stage two, the State is directed to answer or move to dismiss the petition "[w]ithin 30 days *** or within such further time as the court may set." 725 ILCS 5/122—5 (West 1998). During this stage, the court may, in its discretion, "make such order as to amendment of the petition or any other pleading, *** or filing further pleadings, or extending the time of filing any pleading other than the original petition, as shall be appropriate, just[,] and reasonable and as is generally

provided in civil cases." 725 ILCS 5/122—5 (West 1998). "If the State does not file a motion to dismiss or if the circuit court denies the State's motion, the circuit court will proceed to the third stage and conduct an evidentiary hearing on the merits of the petition." *Boclair*, 202 Ill. 2d at 100.

In *People v. Wright*, 189 Ill. 2d 1 (1999), the Illinois Supreme Court held that the time requirement under section 122—1 was not a jurisdictional prerequisite but, rather, was a statute of limitation that could be waived or forfeited through procedural default. *Wright*, 189 Ill. 2d at 10-11. Thus, the court concluded, "[I]f the State wishes to challenge the timeliness of a defendant's petition, it should raise that argument first in the trial court, where any amendments can be made and factual disputes resolved." *Wright*, 189 Ill. 2d at 12. The court explained:

> "In reaching this conclusion, we caution that we are not limiting the trial court's ability, during the court's initial review of noncapital petitions (see 725 ILCS 5/122—2.1(a)(2) (West 1998)), to dismiss the petition as untimely. The import of our decision is simply that matters relating to the timeliness of a defendant's petition should first be considered in the trial court, either upon a motion by the State or pursuant to the duty imposed upon the trial court by section 122—2.1(a)(2)." *Wright*, 189 Ill. 2d at 11-12.

In *Boclair*, the supreme court clarified its holding in *Wright* and held, "[T]he Act does not authorize the dismissal of a post[ ]conviction petition during the initial stage based on untimeliness." *Boclair*, 202 Ill. 2d at 99. The court stated, "To the extent that *** *Wright* may be read as holding the contrary to be true, we now expressly overturn that portion of the *Wright* decision." *Boclair*, 202 Ill. 2d at 99. The court concluded, "[T]he matter of untimeliness should be left for the State to assert during the second stage of the post[ ]conviction proceedings." *Boclair*, 202 Ill. 2d at 102.

Here, the defendant's reliance on *Boclair* is misplaced. In fact, *Boclair* supports the State's position that it properly raised the statute-of-limitation defense during the second stage of the postconviction proceeding. In this case, the defendant amended his petition on three separate occasions. After each amendment, the State moved to dismiss the petition. Under section 122—5 of the Act, the circuit court had the discretion to allow the defendant to amend his petition and the State to amend its motion to dismiss. 725 ILCS 5/122—5 (West 1998); *People v. Perkins*, 229 Ill. 2d 34, 43 (2007) ("The State may move to dismiss after petitioner's counsel has made any necessary amendments").

This is supported by the fact that the purpose behind requiring the State to challenge the timeliness of the defendant's petition in the

circuit court was met in this case. See *Wright*, 189 Ill. 2d at 12 ("[I]f the State wishes to challenge the timeliness of a defendant's petition, it should raise that argument first in the trial court, where any amendments can be made and factual disputes resolved"). Here, after the State raised its timeliness defense, the defendant filed a second amended petition, whereby he alleged facts attempting to show that the delay in filing his original petition was not due to his culpable negligence. The circuit court found that the defendant failed to meet this burden, and on appeal, the defendant does not contest this finding. Thus, this issue has been waived pursuant to Supreme Court Rule 341(h)(7) (210 Ill. 2d R. 341(h)(7)).

We also note that our conclusion is supported by section 122—5's directive granting the circuit court discretion in determining whether to allow the amendment of any pleading "as is generally provided in civil cases." 725 ILCS 5/122—5 (West 1998); see *Behr v. Club Med, Inc.*, 190 Ill. App. 3d 396, 407 (1989) ("The failure to plead an affirmative defense, such as a statute of limitations, does not constitute waiver. Rather, a trial court may, in its sound discretion, allow a defendant to file an amended answer raising affirmative matter anytime prior to the entry of a final judgment"); *Dever v. Simmons*, 292 Ill. App. 3d 70, 74 (1997) ("[E]ven though defendants neither raised the statute of limitations in their answer nor amended their answer to raise it, defendants were permitted to raise the statute of limitations in a section 2—619 motion to dismiss"); see also *People v. Cortez*, 338 Ill. App. 3d 122, 128 (2003) ("[W]here the State does not file its motion to dismiss a postconviction petition within the statutory filing deadline set forth in section 122—5, the petitioner is not entitled to an evidentiary hearing unless he can show that he suffered prejudice as a result of the State's failure to file a timely motion to dismiss"). Here, the State properly raised the timeliness affirmative defense in its motion to dismiss. Had its motion been denied, the State would have been given an opportunity to raise this defense in its answer. See 725 ILCS 5/122—5 (West 1998) ("In the event that a motion to dismiss is filed and denied, the State must file an answer within 20 days after such denial"). The circuit court correctly dismissed the petition.

## CONCLUSION

The circuit court properly deemed the defendant's petition as untimely, and the judgment dismissing the defendant's petition for postconviction relief is affirmed.

Affirmed.

WELCH and STEWART, JJ., concur.