NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 170745-U

NO. 4-17-0745

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 21, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| CHARLES E. COLEMAN, | ) | No. 08CF1291 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas E. Griffith, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court granted counsel's motion to withdraw and affirmed the trial court's judgment because there were no potentially meritorious claims for review.

¶ 2   This appeal arises from the trial court's September 2017 second-stage dismissal of a petition that defendant, Charles E. Coleman, filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2014)). In his February 2014 postconviction petition, defendant *pro se* alleged that his appellate counsel was ineffective for failing to raise his trial counsel's deficient performance following his May 2011 bench trial, in which the court found him guilty of possession of a controlled substance (100 grams or more but less than 400 grams of a substance containing cocaine) with the intent to deliver (720 ILCS 570/401(a)(2)(B) (West 2006)). The court later sentenced defendant to 11 years in prison.

¶ 3   Following the trial court's dismissal at the second stage of proceedings, defendant

appealed, and the court appointed the Office of the State Appellate Defender (OSAD) to represent defendant on appeal. OSAD now moves to withdraw, contending that there are no potentially meritorious issues for review. In doing so, OSAD considered whether the trial court erred by finding that the following claims were meritless: (1) ineffective assistance of appellate counsel, (2) actual innocence, (3) denial of reasonable assistance of postconviction counsel, and (4) untimely response to the petition at the second stage.

¶ 4        We agree with OSAD, grant its motion to withdraw, and affirm the trial court's judgment.

¶ 5                                I. BACKGROUND

¶ 6                              A. Procedural History

¶ 7        This case is before this court for the fourth time. In April 2009—when defendant's case was set for trial—the State filed a motion to admit the statements of defendant's alleged co-conspirator. The trial court later denied the State's motion. The State appealed, and this court reversed and remanded for further proceedings. *People v. Coleman*, 399 Ill. App. 3d 1198, 931 N.E.2d 268 (2010).

¶ 8        At defendant's May 2011 bench trial, the co-defendant testified favorably on behalf of defendant. In summary, the co-defendant claimed full responsibility for possessing the cocaine with intent to deliver and claimed that defendant knew nothing about co-defendant's criminal activity. The State also introduced into evidence a note that the police found in defendant's hotel room, which the State argued contained information about the drug transaction. The note was never tested for deoxyribonucleic acid (DNA) or subjected to handwriting analysis. The trial court, in its finding of fact, stated, "I do not know who wrote the note." The court found defendant guilty of possession of a controlled substance (100 grams or more but less than 400 grams of a substance

containing cocaine) with the intent to deliver.

¶ 9    At defendant's September 2011 sentencing hearing, the trial court made the following remarks before imposing a prison sentence of 11 years:

"[Defendant] did not testify, which is very significant to the [c]ourt. [In] the [c]ourt's opinion, this was a very strong circumstantial case. [The court does not] know what [defendant] was doing in Chicago, but in this particular case [defendant] was trying to make himself a few extra bucks, and he was down here in Decatur watching his mule, because he's not familiar with Decatur and Decatur's people, and so on and so forth, and he got caught. [The court does not] think it's any more or any less than that."

¶ 10    Defendant later appealed, arguing, in pertinent part, that the trial court improperly considered his decision not to testify at his May 2011 bench trial as an aggravating factor at his later sentencing hearing. *People v. Coleman*, 2013 IL App (4th) 120032-U, ¶ 3. In rejecting defendant's argument, we (1) noted that defendant had forfeited his claim by failing to properly preserve the issue for this court's review and (2) declined to consider his argument under the plain-error doctrine. *Id.* ¶ 35. In so concluding, this court noted, as follows:

"While a trial judge should not consider, much less comment negatively on, a defendant's exercise of his constitutional right not to testify, if defendant here had included this argument in his postsentencing motion, the trial judge would have had an opportunity to clarify or disavow his statement." *Id.* ¶ 36.

¶ 11    This court also noted that defendant's conviction carried a sentencing range of 9 to 60 years in prison and because defendant received an 11-year sentence, "[i]t is not clear to us exactly how much lower defendant thinks the trial court could have gone in imposing a sentence

in this case or could go if we were to reverse and remand for a new sentencing hearing." *Id.* ¶ 37.

¶ 12                                B. The Postconviction Petition

¶ 13          In February 2014, defendant *pro se* filed a postconviction petition, alleging (1) ineffective assistance of appellate counsel because appellate counsel failed to raise on appeal that (a) trial counsel did not object to the trial court's improper consideration of defendant's right not to testify at his trial, (b) counsel failed to present at arraignment exculpatory evidence of the co-defendant's statement that defendant was not involved in the crime, and (c) counsel failed to obtain DNA analysis or handwriting analysis of the note found in defendant's hotel room and (2) actual innocence. Attached to this petition was an affidavit written by the co-defendant, in which the co-defendant took full responsibility for the crime and denied any knowledge or involvement by defendant.

¶ 14          In May 2014, the trial court entered a written order, in which the trial court addressed defendant's claim that it improperly considered his failure to testify as an aggravating factor, as follows:

> "Contrary to *** defendant's assertions, and although this court did not make [i]t perfectly clear on the record, this court considered the fact that *** defendant did not testify during the course of his trial to be a factor in *** defendant's favor in that *** defendant did not perjure himself and was part of the reason why the defendant received a sentence of only two years above the statutory minimum and a sentence 71 years under that he could have received."

The court further noted that "the co-defendant testified at the defendant's trial and provided exculpatory testimony which this court found to be not credible." The court further explained that "there is nothing in the record that would lead this Court to believe that if the note was subjected

- 4 -

to DNA analysis it would somehow be exculpatory to the defendant." The court also concluded that the signed affidavit from the co-defendant changed nothing because the court "did not believe the testimony of the co-defendant in the first instance [at trial]." Thereafter, the court dismissed defendant's postconviction petition, and defendant appealed.

¶ 15 On appeal, this court stated that the trial court had "ventured beyond its screening function" and had impermissibly added new facts to the record to rebut defendant's postconviction claim. This court concluded that defendant had presented the gist of a constitutional claim and, therefore, reversed and remanded with directions to advance the petition to the second stage of postconviction proceedings. In so concluding, this court expressed no view as to the merits of defendant's claims at that stage.

¶ 16 In July 2016, the trial court appointed the public defender to represent defendant. Following that appointment, the court conducted a series of status hearings throughout the remainder of 2016 and early 2017. At each status hearing the case was continued until July 2017. At a July 2017 status hearing, the court confirmed defendant's postconviction petition had advanced to second-stage proceedings. According to postconviction counsel, "the next [step] would be get the State to file their response and proceed." Later that month, at another status hearing, defense counsel told the court that he did not think he needed to amend defendant's *pro se* postconviction petition. The court directed the State to file "responsive pleadings" within 30 days.

¶ 17 In September 2017, the State filed a motion to dismiss defendant's petition. In support of this motion, the State argued that (1) defendant failed to show that testing would have changed the outcome at trial and (2) defendant's claim that the co-defendant accepted responsibility for the offense was already presented when the co-defendant testified at trial and,

therefore, could not support a claim of actual innocence.

¶ 18　　　　　Later that month, the trial court conducted a hearing on the motion to dismiss. The court stated that at the second stage, it was to accept everything set forth in the pleadings from defendant as true and that the standard was that defendant must make a substantial showing of a constitutional violation. The State stood on its motion. Defendant argued that the trial court should not have considered defendant's failure to testify as a factor at sentencing and, therefore, the remedy should be a new sentencing hearing in which the trial court would not consider that factor.

¶ 19　　　　　The trial court stated that it considered the pleadings and statements of counsel and granted the State's motion to dismiss. In doing so, it concluded that for the claim that the court considered an improper factor at sentencing, defendant was not prejudiced. First, the court noted it had imposed a sentence only two years above the statutory minimum. The court also noted defendant had a record of prior offenses and reiterated defendant received a sentence "71 years under what he could have received, so again, I don't think the pleadings establish that he was, in fact, prejudiced." For the claims relating to the note being tested or analyzed, the court found that "there was nothing contained in the record that would show any of that would lead to any type of fruition that might actually help or benefit the defendant." For the remainder of the claims, the court concluded that they were barred by either *res judicata* or a failure to show prejudice.

¶ 20　　　　　Defendant appealed the dismissal of his postconviction petition and the trial court appointed OSAD to represent him. OSAD now moves to withdraw, contending that there are no potentially meritorious issues for review. OSAD informed defendant by letter of the motion to withdraw and mailed a copy of the motion to defendant. On September 4, 2019, the clerk of the appellate court sent defendant a letter informing him that he had until October 9, 2019, to file a response to OSAD's motion. Neither the State nor defendant filed any response to OSAD's

motion.

¶ 21                                II. ANALYSIS

¶ 22        Defendant appeals, claiming his postconviction petition was erroneously dismissed. In OSAD's motion to withdraw as appellate counsel, OSAD considers the following claims: (1) ineffective assistance of appellate counsel, (2) actual innocence, (3) denial of reasonable assistance of postconviction counsel, and (4) untimely response to the petition at the second stage.

¶ 23        We agree with OSAD that these claims are meritless, grant its motion to withdraw, and affirm the judgment of the trial court.

¶ 24                      A. The Post-Conviction Hearing Act

¶ 25        The Act provides a criminal defendant the means, in addition to a direct appeal, to raise a claim of substantial violations of his constitutional rights that occurred in his original trial or sentencing. *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 23, 38 N.E.3d 1256; 725 ILCS 5/122-1 (West 2014). The Act contains a three-stage procedure for relief. *People v. Allen*, 2015 IL 113135, ¶ 21, 32 N.E.3d 615; 725 ILCS 5/122-2.1 (West 2014). At the first stage, the trial court may dismiss the petition if it is frivolous or patently without merit. *People v. Domagala*, 2013 IL 113688, ¶ 32, 987 N.E.2d 767. If the trial court does not dismiss at the first stage, the petition advances to the second stage. *Id.* ¶ 33.

¶ 26        At the second stage, counsel may be appointed to an indigent defendant, and the State may file a motion to dismiss or an answer to the petition. *Id.* "At this stage, the circuit court must determine whether the petition and any accompanying documentation make a 'substantial showing of a constitutional violation.' " *Id.* (quoting *People v. Edwards*, 197 Ill. 2d 239, 246, 757 N.E.2d 442, 446 (2001)). The defendant bears the burden of making that substantial showing of a constitutional violation. *Id.* ¶ 35. A substantial showing means that if the allegations were proven

at an evidentiary hearing, the petitioner would be entitled to relief. *Id.* Courts review a trial court's dismissal of a petition at the second stage *de novo*. *People v. Childress*, 191 Ill. 2d 168, 174, 730 N.E.2d 32, 35 (2000).

¶ 27                                    B. This Case

¶ 28        In this case, OSAD considered the following claims: (1) ineffective assistance of appellate counsel, (2) actual innocence, (3) denial of reasonable assistance of postconviction counsel, and (4) untimely response to the petition at the second stage.

¶ 29                      1. *Ineffective Assistance of Appellate Counsel*

¶ 30        Defendant claimed in his petition that his appellate counsel was ineffective for failing to raise on direct appeal the issues that (1) the trial court improperly used defendant's decision not to testify as a factor in aggravation at sentencing, (2) trial counsel was ineffective for failing to "procure and present exculpatory evidence of co-defendant's statement at his arraignment that petitioner was not involved in any conspiracy to deliver drugs," and (3) trial counsel was ineffective for failing to have the note in the motel room tested for DNA and handwriting analysis.

¶ 31        For a defendant to prevail on a claim of ineffective assistance of counsel, that defendant must show that (1) counsel's performance was deficient and (2) the deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice means that absent errors, the outcome would have been different. *Id.* at 694.

¶ 32        Addressing the claim that the trial court improperly considered defendant's failure to testify as a factor in aggravation, we cannot conclude that defendant made a substantial showing of ineffective assistance of appellate counsel because no evidence exists to suggest that defendant was prejudiced by this claimed error. OSAD points out that although defendant claims that the

court considered his failure to testify as a "significant factor in aggravation," the court described it only as "very significant." Nothing in the record indicates the trial court viewed this information as *aggravating*. Absent any evidence to suggest the court actually considered this factor in aggravation, this claim falls far short of prejudice and therefore falls equally short of a substantial showing of a constitutional violation.

¶ 33     Next, defendant claimed his trial counsel was ineffective for failing to present at defendant's arraignment the co-defendant's statement that defendant was not involved in the drug conspiracy. OSAD argues this claim is meritless, and we agree. As OSAD notes, the co-defendant provided this favorable statement at trial, and defendant was still convicted. Defendant claims that if the statement had been presented at his arraignment, "that could have change[d] the results of the trial." Here, we can say with confidence that this simply is not true because the evidence *was in fact introduced* at trial and defendant was still convicted.

¶ 34     Finally, addressing the claim regarding counsel's failure to get the note tested for DNA and analyzed for handwriting, we conclude that this was not ineffective assistance of counsel. The trial court stated in its finding of fact, "I do not know who wrote the note." In other words, the identity of the author was immaterial to the court's decision. Because the identity of the author was not a factor in the court's decision, we conclude that defendant was not prejudiced by counsel's alleged failure.

¶ 35                         2. *Actual Innocence*

¶ 36     A defendant may assert a claim of actual innocence based upon evidence that is (1) newly discovered, (2) material, (3) not merely cumulative, and (4) "of such conclusive character that it would probably change the result on retrial." *People v. Ortiz*, 235 Ill. 2d 319, 333, 919 N.E.2d 941, 950 (2009).

¶ 37        As OSAD explains, the only new evidence in the co-defendant's affidavit is unhelpful to defendant. The only new information in the affidavit is that the co-defendant claims that defendant drove him from Chicago to Decatur "[b]ecause I lost my wallet and couldn't get back home." That is the sum total of new information in the co-defendant's affidavit. The remainder of the affidavit essentially summarizes what the co-defendant said at trial—that he takes full responsibility for the crime. Therefore, this actual innocence claim is meritless because almost all of the evidence is merely cumulative. Insofar as a small portion of the evidence is not cumulative, that portion is utterly immaterial.

¶ 38            3. *Denial of Reasonable Assistance of Postconviction Counsel*

¶ 39        In postconviction proceedings, a defendant has a right to a "reasonable" level of assistance of counsel. *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977, 980 (2007). If an attorney files a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), this "creates a rebuttable presumption that postconviction counsel rendered reasonable assistance." *People v. Bass*, 2018 IL App (1st) 152650, ¶ 12, 116 N.E.3d 413. To rebut this presumption, a defendant has the burden of "demonstrating that postconviction counsel failed to substantially comply with the requirements of Rule 651(c)." *Id.*

¶ 40        OSAD notes that postconviction counsel (1) reminded the State to file a response to the petition, (2) failed to amend the postconviction petition, and (3) reminded the trial court of a fact that undermined defendant's sentencing claim. Neither the first nor the third claim rebut anything in relation to Rule 651(c). While a failure to amend a petition can be contrary to postconviction counsel's duty to make "any amendments to the petitions filed *pro se* that are necessary," (Ill. S. Ct. R. 651(c) (eff. July 1, 2017)), the defendant must show that there was a necessary amendment and counsel did not make the amendment. Here, we know only that counsel

did not amend, not that any amendment would have been necessary, and that by itself is insufficient for this claim.

¶ 41                     4. *Untimely Response to the Petition*

¶ 42          This claim is simple. The State did not file its answer or move to dismiss within 30 days after the proceedings moved to the second stage as required. 725 ILCS 5/122-5 (West 2014). However, this does not result in an evidentiary hearing unless defendant can show that he suffered prejudice as result of the State's failure to file a timely motion to dismiss. *People v. Cortez*, 338 Ill. App. 3d 122, 128, 788 N.E.2d 243, 248 (2003); *People v. Bradley*, 128 Ill. App. 3d 372, 384, 470 N.E.2d 1121, 1130 (1984). Here, there is no indication that the delay prejudiced defendant; therefore, this claim is meritless.

¶ 43                          III. CONCLUSION

¶ 44          For the reasons stated, we grant counsel's motion and affirm the trial court's judgment.

¶ 45          Affirmed.